# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| J. MONROE JOHNSON and<br>EUJENA R. COLLINGS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     Case No.: 4:21-CV-519-ACA<br>) |
| MARSHALL COUNTY,<br>ALABAMA, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

*Pro se* Plaintiffs J. Monroe Johnson and Eujena Collings ("Plaintiffs") assert claims against twenty-eight Defendants for violations of their Fourteenth Amendment rights under 42 U.S.C. § 1983 and for defamation under Alabama state law. (Doc. 17).

Thirteen of the Defendants—David Jackson Evans, Timothy Allen Jolley, Timothy Francis Riley, Steven Troy Marshall, Edward Lane Kellett, Marshall County, Alabama, Phillip Craig Sims, Keith Wayne Wilson, City of Albertville, Jimmy Carnes, Dee Walker, David William Atwell, and the Defendant referred to as "Sergeant Atwell's accompanying officer"—have filed motions to dismiss Plaintiffs' claims against them. (Docs. 18, 19, 20). When referring to these Defendants collectively, the court will call them "the Moving Defendants."

In addition, Defendants City of Albertville, Jimmy Carnes, Dee Walker, David William Atwell, and Sergeant Atwell's accompanying officer ("Albertville City Defendants") have moved to strike affidavits and other documents that Plaintiffs attached to their response in opposition to the motions to dismiss. (Doc. 33).

First, the court **GRANTS** the Albertville City Defendants' motion to strike (doc. 33) because the court is limited to reviewing the allegations contained in the second amended complaint in resolving the motions to dismiss.

Second, the court **WILL GRANT** the Moving Defendants motions to dismiss. (Docs. 18, 19, 20). Plaintiffs' claims against Defendants Marshall County, Evans, Judge Jolley, Wilson, Kellett, the City of Albertville, Carnes, Walker, Atwell, Atwell's accompanying officer, and Judge Riley and part of their claims against General Marshall are barred by the applicable two-year statute of limitations. The balance of Plaintiffs' claims against General Marshall and their claims against Sheriff Sims fail to state a plausible claim for relief.

## I. MOTION TO STRIKE

Plaintiffs attached three affidavits and three property tax notices to their response in opposition to the motions to dismiss. (Doc. 26 at 13–31). The Albertville City Defendants ask the court to strike those documents, arguing that

they are not proper for the court's consideration in reviewing the motions to dismiss. (Doc. 33). The court agrees.

Generally, "[a] court's review on a motion to dismiss is "'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002)). If a complaint "refers to certain documents in the complaint and those documents are central" to the claims, then the court may consider the documents for purposes of a motion to dismiss. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

The second amended complaint does not refer to the evidence that the Plaintiffs attached to their response in opposition to the motion to dismiss. And having reviewed the evidence, the court finds that the three affidavits and the three tax records are not central to any claims that the Plaintiffs assert in the second amended complaint.

Accordingly, the court **GRANTS** the motion to strike (doc. 33) and does not consider the information that Plaintiffs attached to their response in evaluating the motions to dismiss. The court notes, however, that even if it did rely on the documents attached to Plaintiffs' response, Plaintiffs' claims against the Moving Defendants are still subject to dismissal for the reasons explained below.

## II.     MOTIONS TO DISMISS

### 1.     Background

At this stage, the court must accept as true the factual allegations in the second amended complaint and construe them in the light most favorable to the Plaintiffs. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

With that standard in mind, Plaintiffs claim generally that the Moving Defendants "maintained a direct and controlling influence throughout" alleged "state sanctioned professional abuse" of their civil and legal rights based on what appear to be a number of separate and independent facts or set of circumstances. (*See e.g.*, doc. 17 at 27–28, 33, 35). For this reason, the court's description of the facts below is somewhat disjointed. In the interest of presenting the background of this case with as much clarity as possible, the court reviews the specific facts that form the basis of the claims against each of the Moving Defendants in the order in which Plaintiffs listed their claims in the second amended complaint.

In counts 7 and 8, Plaintiffs claim that in 2001, Marshall County and Evans, a Marshall County Circuit Judge, "perpetrated a $5,000,000 extortion scheme" against them. (Doc. 17 at 16, 18). Specifically, Marshall County and Judge Evans issued an "illegal judgment" against the Plaintiffs which started a "chain reaction of state san[]ctioned civil rights abuses." (*Id.* at 17, 19).

4

In count 12, Plaintiffs claim that in 2004, Defendant Jolley, a Marshall County Circuit Judge, refused to properly adjudicate Plaintiffs' request for emergency relief during an "unjust nine month license stall," causing Plaintiffs loss of trade and interference with their business activities. (Doc. 17 at 28–29).

In counts 14 and 15, Plaintiffs claim that in 2011, Wilson, a Marshall County Investigator, and Kellett, a Marshall County Assistant District Attorney, "unjustly deemed a provable near $40,000 first degree stolen checkbook theft as unprovable which was not fair to plaintiffs." (Doc. 17 at 33, 35).

In count 16, Plaintiffs claim that in 2011, Riley, a Marshall County Circuit Judge, "unjustly" adjudicated "a provable near $40,000 first degree stolen checkbook theft with zero restitution to Plaintiff Collings and therefore ruled in bad faith." (Doc. 17 at 38).

In count 17, Plaintiffs claim that in 2011, General Marshall—who was then serving as Marshall County District Attorney—"unjustly deemed a provable near $40,000 first degree stolen checkbook theft as unprovable which was not fair to plaintiffs." (Doc. 17 at 40). The second amended complaint also alleges that in 2020, General Marshall—who at this point was the Attorney General for the State of Alabama—wrote to the Alabama State Bar on official state letterhead denying knowledge of the 2011 theft, which Plaintiffs characterize an "unjust lie." (*Id.*). Ostensibly in support of their contention that General Marshall's statement was a

5

lie, Plaintiffs state that General Marshall personally told the "justice would be served" and that the City of Albertville would no longer abuse Mr. Johnson on two different occasions. (*Id.* at 41).

In count 18, Plaintiffs claim that in 2011, the City of Albertville falsely arrested Mr. Johnson twice, with the second arrest taking place "soon after" the Alabama Supreme Court issued a ruling on April 15, 2011 in favor of Plaintiffs and against Marshall County. (Doc. 17 at 43).

In count 19, Plaintiffs claim that in 2011, Carnes was the City Attorney for the City of Albertville when Mr. Johnson was falsely arrested. (Doc. 17 at 46).

In count 21, Plaintiffs claim that in 2011, Walker was the Albertville City Judge when the City of Albertville falsely arrested Mr. Johnson. (Doc. 17 at 49).

In count 22, Plaintiffs claim that in 2019, Sims, the Marshall County Sheriff, failed to "properly evict one past due tenant located at the Monroe Compound" in Albertville, Alabama. (Doc. 17 at 54).

In counts 23 and 24, Plaintiffs claim that on January 2, 2019, Atwell and Atwell's accompanying officer trespassed after closing hours at First Credit, Incorporated. (Doc. 17 at 55, 57).

The Moving Defendants filed motions to dismiss all claims against them. (Docs. 18, 19, 20). Plaintiffs filed a response to the motions to dismiss (doc. 26), and the Moving Defendants filed replies in support of their motions (docs. 27, 29,

32). Without the court's leave, Plaintiffs then filed a successive response to the motions to dismiss. (Doc. 40). Typically, the court would not consider the document because the Moving Defendants have not had an opportunity to respond to it. In the interest of efficiency, the court has reviewed the document, but its contents do not save the Plaintiffs' § 1983 and defamation claims from dismissal.

2.   Discussion

The Moving Defendants argue that the court should dismiss the second amended complaint for a variety of reasons, including: (1) that the claims are barred by the applicable statute of limitations; (2) that the claims fail to state a claim on the merits; (3) that the claims are barred various forms of immunity; and (4) that the second amended complaint fails to comply with the court's orders to re-plead and remains a shotgun pleading. (Docs. 18, 19, 20, 21).

As explained below, a majority of the claims in the second amended complaint are barred by the statute of limitations. Those that are not are barred by the statute of limitations are due to be dismissed for failure to state a claim. Therefore, the court does not consider the Defendants' other arguments in support of dismissal.[1]

---

[1] Although the court need not consider the issue, the court notes that the second amended complaint generally complies with the court's order to re-plead (particularly given the Plaintiffs' *pro se* status), and it is not a shotgun pleading. The second amended complaint specifies which defendants took which actions and which claims are asserted against each defendant. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1326 (11th Cir. 2015) (finding that a complaint was not a shotgun pleading because "whatever their faults, these two counts are informative enough to permit a court to readily determine if they state a claim upon which relief can be granted").

### a.     Statute of Limitations

The court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state of claim on statute of limitations grounds "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Based on the face of the second amended complaint, Plaintiffs' claims against Defendants Marshall County, Judge Evans, Judge Jolley, Wilson, Kellett, the City of Albertville, Carnes, Walker, Atwell, Atwell's accompanying officer, and Judge Riley and part of their claims against General Marshall are subject to dismissal because they are barred by the statute of limitations.

All of Plaintiffs' claims are subject to a two-year statute of limitations. "[C]onstitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Plaintiffs filed their claims in Alabama, "where the governing limitations period is two years." *Id.* (citing Ala. Code § 6–2–38; *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc)). That two year statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted).

A two-year limitations period also controls claims for defamation under Alabama state law. *See* Ala. Code § 6-2-38(k) ("All actions of libel or slander must be brought within two years."); *Hollander v. Nichols*, 19 So. 3d 184, 194–96 (Ala. 2009) (applying a two-year statute of limitations to defamation claims). This two-year period begins to run "when the defamatory matter is published." *Hollander*, 19 So. 3d at 195 (internal quotations omitted).

Plaintiffs' claims against Marshall County and Judge Evans are based on conduct that occurred in 2001. (Doc. 17 at 16, 18). Plaintiffs' claims against Judge Jolley are based on conduct that occurred in 2004. (Doc. 17 at 28–29). Plaintiffs' claims against Wilson, Kellett, the City of Albertville, Carnes, Walker, and Judge Riley and the portion of Plaintiffs' claims against General Marshall based on his involvement in a 2011 theft case are based on conduct that occurred in 2011. (Doc. 17 at 33, 35, 38, 40, 43, 46, 49). Plaintiffs' claims against Atwell and Atwell's accompanying officer are based on conduct that took place on January 2, 2019. (Doc. 17 at 55, 57).

Construing the allegations in the second amended complaint in the light most favorable to Plaintiffs, the two-year statute of limitations expired in 2003 (for the claims against Marshall County and Judge Evans) 2006 (for the claims against Judge Jolley), 2013 (for the claims against Wilson, Kellett, the City of Albertville, Carnes, Walker, and Judge Riley, and for the claims against General Marshall related to the

theft case), and January 2, 2021 (for the claims against Atwell and Atwell's accompanying officer).

Plaintiffs respond that no statute of limitations should apply to their claims because of what they characterize as the Moving Defendants' "extraordinary, long-standing instances of collective cruelty and inhumanity." (Doc. 26 at 5). But Plaintiffs cite no authority in support of this statement, and the court has not located any. And neither the second amended complaint nor Plaintiffs' response in opposition to the motion to dismiss suggests that they did not know of the facts giving rise to their claims before the statute of limitations expired. Because these claims are subject to a two-year statute of limitations, and because the time for bringing these claims passed prior to Plaintiffs' initial filing of the complaint (*see* doc. 1), the claims are barred by the statute of limitations.

Accordingly, the court **WILL DISMISS WITH PREJUDICE** Plaintiffs' claims against Defendants Marshall County, Judge Evans, Judge Jolley, Wilson, Kellett, the City of Albertville, Carnes, Walker, Atwell, Atwell's accompanying officer, and Judge Riley, as well as the portion of Plaintiffs' claims against General Marshall based on conduct that took place in 2011, as barred by the statute of limitations.

### b. Failure to State a Claim

The remaining claims include Plaintiffs' claims against General Marshall based on his 2020 communication to the Alabama State Bar denying knowledge of the 2011 theft matter and their claims against Sheriff Sims for failing to evict a past due tenant at the "Monroe Compound" in 2019. On the face of the second amended complaint, these claims are not barred by the statute of limitations because the conduct giving rise to the claims occurred within the two years before Plaintiffs filed their lawsuit. But as explained below, these claims fail to state a claim upon which relief may be granted.

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs claim that General Marshall violated their Fourteenth Amendment rights and defamed them when he sent a letter to the Alabama State Bar falsely claiming not have knowledge of a "first degree theft matter" after he met with them and "assured" them "that justice would be served" and that the city of Albertville and its police officers would not abuse Mr. Johnson again. (Doc. 17 at 41–42).

11

Plaintiffs claim that Sheriff Sims violated their Fourteenth Amendment rights and defamed them when he "unjustly failed to evict one past due tenant located at the Monroe Compound" located in Albertville, Alabama. (*Id.* at 54). The allegations do not state a constitutional claim under § 1983 for a violation of Plaintiffs' Fourteenth Amendment rights or for defamation under Alabama law.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n.3 (1979)). Therefore, when asserting a § 1983 claim, a plaintiff must "identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271; *see also Baker*, 443 U.S. at 140 ("[B]efore . . . liability under § 1983 can be meaningfully explored, it is necessary to isolate the precise constitutional violation with which [the defendant] is charged.").

The second amended complaint complains generally that General Marshall and Sheriff Sims "violated Plaintiffs' rights under the Fourteenth Amendment." (Doc. 17 at 7; *see id.* at 41, 54). But the Fourteenth Amendment contains five sections and various rights within those sections. *See* U.S. Const. amend. XIV. The second amended complaint does not identify which specific Fourteenth Amendment right(s) General Marshall and Sheriff Sims allegedly violated (*see generally* doc. 17) and neither does Plaintiffs' response in opposition to the motions to dismiss  (*see*

*generally* doc. 26). Plaintiffs' conclusory statement that General Marshall and Sheriff Sims violated some abstract Fourteenth Amendment right is a vague and general allegation that does not state a plausible § 1983 claim. Therefore, the § 1983 claims against General Marshall and Sheriff Sims are due to be dismissed. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations omitted); *see also Noel v. Ledbetter*, 734 F. App'x 715, 717–18 (11th Cir. 2018) (finding that plaintiff "failed to state a claim that his constitutional rights were violated" in part because the plaintiff did not identify any specific constitutional right the defendants allegedly infringed) (quoting *Albright*, 510 U.S. at 271).

Moreover, regardless of what Fourteenth Amendment right Plaintiffs believe General Marshall and Sheriff Sims violated, the specific factual allegations against these defendants do not state a § 1983 claim. Plaintiffs allege General Marshall sent a letter to the Alabama State Bar denying knowledge of a 2011 theft case after telling Plaintiffs that "justice would be served" and that the City of Albertville and its police officers would no longer abuse Mr. Johnson. (Doc. 17 at 40–41). Plaintiffs also allege that Sheriff Sims did not evict a past due tenant from one of their properties. (*Id.* at 53–54). Plaintiffs have not cited, and the court has not located, any authority suggesting that this conduct violates any Fourteenth Amendment right.

Turing then to Plaintiffs' defamation claims, under Alabama law, to state a claim for defamation, a plaintiff must show: "[1] that the defendant was at least negligent, [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." *Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 895 (Ala. 2004).  The allegations in the second amended complaint do not state a claim for defamation against General Marshall or Sheriff Sims.

With respect to General Marshall, Plaintiffs allege that General Marshall published a false statement "regarding a third degree theft" case from 2011 that General Marshall decided was "unprovable."  (Doc. 17 at 40).  Plaintiffs have not alleged that General Marshall published a false statement concerning them.  With respect to Sheriff Sims, the second amended complaint contains no allegation that he published any statement at all, much less a false and defamatory one concerning Plaintiffs.  (*See* doc. 17 at 54).

In response to Defendants' arguments about why Plaintiffs' § 1983 and defamation claims fail to state a claim, Plaintiffs state only that they "maintain a practical, factual and fundamental disagreement" with the Moving Defendants on the issue and that they will provide the court "with any requested information regarding this point."  (Doc. 26 at 9).  But Plaintiffs—by filing an initial and two

14

amended complaints—have had three opportunities to provide all information and facts supporting their claims. Yet, their factual allegations still fall short.

Accordingly, the court **WILL DISMISS WITH PREJUDICE** Plaintiffs' claims against General Marshall based on conduct that occurred in 2020 and their claims against Sheriff Sims for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons explained above, the court **GRANTS** the City of Albertville Defendants' motion to strike. (Doc. 33).

The court also **WILL GRANT** the Moving Defendants' motions to dismiss (docs. 18, 19, 20) because Plaintiffs' claims against the Moving Defendants are either barred by the statute of limitations or fail to state a claim.

The court will enter a separate order that dismisses with prejudice all claims against the Moving Defendants.

**DONE** and **ORDERED** this January 27, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE