FILED

2022 Mar-17  AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **J. MONROE JOHNSON and** | ) | |
| **EUJENA R. COLLINGS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:21-CV-519-ACA** |
| | ) | |
| **MARSHALL COUNTY,** | ) | |
| **ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiffs J. Monroe Johnson and Eujena Collings ("Plaintiffs")

asserted claims against twenty-eight defendants for violations of their Fourteenth

Amendment rights under 42 U.S.C. § 1983 and for defamation under Alabama state

law.  (Doc. 17).  The court has dismissed all claims against all defendants except

Plaintiffs' claims against Defendant Margaret Lacey.  (Docs. 48, 52).

Currently before the court is Ms. Lacey's motion to dismiss.  (Doc. 45).  The

court ordered Plaintiffs to respond to Ms. Lacey's motion to dismiss on or before

February 15, 2022.  (Doc. 46).  On February 11, 2022, Plaintiffs filed a response

which the court construed as a motion for a thirty-day extension of time to respond

Ms. Lacey's motion to dismiss.  (Docs. 51, 53).  The court granted Plaintiffs' motion

and ordered them to respond to Ms. Lacey's motion to dismiss on or before March

15, 2022.  (Doc. 53).  Plaintiffs have not filed a response to the motion to dismiss.

Therefore, the court considers Ms. Lacey's motion unopposed.

Because Plaintiffs fail to allege that Ms. Lacey acted under color of state law,

their § 1983 claim fails.  And because they do not allege that she published any

statements about them, their defamation claim fails.  Accordingly, the court **WILL**

**GRANT** Ms. Lacey's motion to dismiss and **WILL DISMISS** the claims against

Ms. Lacey **WITH PREJUDICE**.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the second

amended complaint and construe them in the light most favorable to Plaintiffs.

*Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Ms. Lacey is a Vice President of Bancorp South Bank.  (Doc. 17 at 30).  In

2011, she "maintained a direct and controlling influence throughout the state

sanctioned professional abuse of Plaintiffs' civil and legal rights."  (*Id.*).

Specifically, Plaintiffs allege that by virtue of her position as bank Vice President,

Ms. Lacey "maintained a financial conflict of interest" because Bancorp South Bank

held an approximate $300,000.00 mortgage, and "an unjust and forced foreclosure

would allow Marshall County, Alabama" or Bancorp South Bank "to obtain unjust

receivership of Collings' approximate $1,000,000.00 prime commercial real

property" located in Albertville, Alabama.  (*Id.* at 30–31).

2

## II.    DISUCSSION

Ms. Lacey argues that the court should dismiss Plaintiffs' § 1983 and defamation claims against her because (1) the second amended complaint fails to comply with the court's orders to re-plead and remains a shotgun pleading and (2) Plaintiffs fail to state a claim on the merits.  (Doc. 45 at 5–8).  The court agrees with Ms. Lacey that Plaintiffs' claims fail to state a claim.  Therefore, the court need not consider Ms. Lacey's first argument.[1]

"To survive a [Federal Rule of Civil Procedure 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'"  *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs assert a § 1983 claim against Ms. Lacey for alleged violations of unidentified Fourteenth Amendment rights.  (Doc. 17 at 30–31).  To state a § 1983 claim, a plaintiff must allege, among other things, that an individual "acting under

---

[1] Although the court need not consider the issue, the court notes that the second amended complaint generally complies with the court's order to re-plead (particularly given the Plaintiffs' *pro se* status), and it is not a shotgun pleading.  The second amended complaint specifies which defendants took which actions and which claims are asserted against each defendant. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1326 (11th Cir. 2015) (finding that a complaint was not a shotgun pleading because "whatever their faults, these two counts are informative enough to permit a court to readily determine if they state a claim upon which relief can be granted").

color of law" deprived him of a federal or constitutional right. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]") (quotation marks omitted).

The second amended complaint specifically alleges that Ms. Lacey is a "non-state actor."  (Doc. 17 at 30).  Because Ms. Lacey is not a state actor, she could not have acted under color of law unless her conduct fits one of the three tests for establishing state action by what is otherwise a private person.  Those three tests are "the public function test, the state compulsion test, and the nexus/joint action test." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

"The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state." *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (quotation marks omitted).  "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id.* (quotation marks omitted).  "The nexus/joint action test applies where the state has so far insinuated itself into a position of

4

interdependence with the [private party] that it was a joint participant in the enterprise." *Id.* (quotation marks omitted; alteration in original).

The amended complaint alleges in a conclusory fashion that Ms. Lacey "maintained a direct and controlling influence throughout the state sanctioned professional abuse of Plaintiffs' civil and legal rights."  (Doc. 17 at 30).  This statement does not suffice.  The amended complaint contains no facts suggesting that Ms. Lacey was performing a function that traditionally was the exclusive prerogative of the state.  The amended complaint contains no facts showing how or to what extent the state encouraged Ms. Lacey's conduct.  And the amended complaint contains no facts explaining how Ms. Lacey was a joint participant in some state sanctioned conduct.

Accordingly, the amended complaint does not plausibly allege that Ms. Lacey's conduct is "significantly affected with state involvement" sufficient to maintain a § 1983 claim against her.  *Willis*, 993 F.2d at 840.

Plaintiffs also assert a defamation claim against Ms. Lacey under Alabama law.  (Doc. 17 at 30–31).  To state a claim for defamation, a plaintiff must show: "[1] that the defendant was at least negligent, [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm (actionable per se) or actionable

upon allegations and proof of special harm (actionable per quod)." *Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 895 (Ala. 2004).

The second amended complaint does not allege that Ms. Lacey published any statement about the Plaintiffs, much less a false and defaming one. (*See* doc. 17 at 30–31). Accordingly, Plaintiffs' defamation claim against Ms. Lacey fails to state a claim.

## III.   CONCLUSION

The court **WILL GRANT** Ms. Lacey's motion to dismiss and **WILL DISMISS** the claims against Ms. Lacey **WITH PREJUDICE**.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 17, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE